**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-07-41 |
| | § | |
| JOE LUIS LERMA, | § | |
| | § | |
| Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING LETTER MOTION FOR REDUCED SENTENCE**

Pending before the Court is a *pro se* letter motion filed by Defendant Joe Luis Lerma ("Lerma"), received by the Court on March 3, 2008.  (D.E. 94.)  In it, Lerma explains that he wanted to plead guilty, but could not bring himself to lie to the Court in order to tell the Court that he **knowingly** committed fraud.  He argues that, had the Court accepted his guilty plea, he would have received a sentence of 3 months house arrest and 3 months of probation.  Instead, being found guilty after a trial, he is currently serving a 4-year sentence in the custody of the Bureau of Prisons.

He asks for the Court to "pardon" him or, alternatively, "if [his] time served to date is considered sufficient followed by a period of probation," that the Court send him home on an immediate release."  (D.E. 94 at 5.)  He also references health problems that his wife is experiencing and explains that he needs to be home to care for her.  (D.E. 94 at 4.)  He

also complains that the Bureau of Prisons has placed him in a facility different that the facility the Court had recommended.  (D.E. 94 at 1.)

Lerma was sentenced by this Court on November 26, 2007, and judgment was entered against him on November 30, 2007.  (D.E. 65, 66.)  He has appealed his conviction and sentence, however, and his appeal is currently pending before the Fifth Circuit.  (See generally docket in United States v. Lerma, No. 07-41187 (5th Cir.).)

The Court construes Lerma's motion as requesting a reduction in sentence pursuant to 18 U.S.C. § 3582.  That statute allows a court to reduce a defendant's sentence only in a "limited number of circumstances," none of which are present here.  Cf.  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

Lerma fails to assert grounds for modification that fall into any of the categories above.  Therefore, the Court does not have authority to alter his sentence.  To the extent his letter motion requests a reduced sentence, it is DENIED.

2

Moreover, while the Court can make recommendations regarding the placement and transfer of prisoners in the custody of the Bureau of Prisons, the decision of an offender's placement is ultimately a decision to be made by the BOP, in its discretion.  Thus, Lerma's request to be transferred to a different facility is not properly addressed to this Court; instead, he should seek such relief from the Bureau of Prisons. His motion requesting transfer is therefore DENIED WITHOUT PREJUDICE.

<u>**CONCLUSION**</u>

For the foregoing reasons, Lerma's letter motion is hereby construed as a motion to reduce sentence (D.E. 94) and is DENIED.  To the extent he requests to be transferred to a different facility, his motion is DENIED WITHOUT PREJUDICE to his ability to seek such relief from the Bureau of Prisons.

ORDERED this 17th day of March, 2008.

_Hayden Head_
HAYDEN HEAD
CHIEF JUDGE