**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|  Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-07-41 |
| | § | |
| JOE LUIS LERMA, | § | |
|  Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING LETTER MOTION FOR APPOINTMENT OF COUNSEL**

Pending before the Court is a *pro se* letter motion filed by Defendant Joe Luis Lerma ("Lerma"), received on June 29, 2009. (D.E. 106.) Lerma's letter explains that "a recent change in Rule 354.1281 governing the utilization of associates by psychologists has recently passed" and has "direct relevance" to his case. (D.E. 106 at 1.) He thus asks that his prior counsel, Grant Jones, be appointed to represent him for the purpose of "future relevant motions." (D.E. 106 at 1-2.)

Lerma was sentenced by United States District Judge Hayden Head, Jr. on November 26, 2007, and judgment was entered against him on November 30, 2007. (D.E. 65, 66.) He appealed and the Fifth Circuit affirmed his conviction and sentence in an unpublished, per curiam opinion issued July 23, 2008. (D.E. 101.) Lerma did not file a petition for writ of certiorari and his conviction is now final. He has not yet filed any post-conviction motions and has no active proceedings before the District Court. Thus, there is no basis for appointing counsel to represent him.

Lerma claims that he does not intend to submit any motions on a *pro se* basis. Nonetheless, in the absence of any pending motions or proceedings, there is no reason to appoint him counsel. Moreover, even if he were seeking counsel to assist him in filing a motion pursuant to 28 U.S.C.

§ 2255, there is no constitutional right to counsel in § 2255 proceedings. See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted).  Similarly, even if Lerma had already filed a § 2255 motion, the appointment of counsel in such proceedings is required only in limited circumstances.  See, e.g., RULES GOVERNING § 2255 PROCEEDINGS 8(c) (requiring that counsel be appointed upon determination that an evidentiary hearing is required); id at Rule 6(a) (court must assign counsel to financially eligible defendants "[i]f necessary for effective discovery").  In short, Lerma has not shown an entitlement to counsel.

## CONCLUSION

For all of the foregoing reasons, Lerma's letter motion for appointment of counsel (D.E. 106) is DENIED.

ORDERED this 2nd day of July, 2009.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE